■ In the Matter of the Estate of JAMES B. MAGNOR, Deceased. JAMIE E. MAGNOR, Appellant; MADONNA NEEB et al., Respondents. [729 NYS2d 771] —In a proceeding, *inter alia,* to settle the final account of James B. Magnor, Jr., and Robert Magnor, as co-trustees of a trust established by the will of James B. Magnor, deceased, Jamie E. Magnor appeals from so much of an order of the Surrogate's Court, Nassau County (Radigan, S.), dated March 21, 2000, as granted the respective motions of James R. Magnor, Jr., and Robert Magnor, and of Kevin Healey, Patrick M. Healey, John Healey, Kenneth Healey, Daniel E. Healey, and Irene Healey Deyette, for partial summary judgment to construe the will so that the per stirpes division of the trust remainder commences at the level of the testator's grandchildren, and denied her cross motion to construe the will so that the per stirpes distribution of the trust remainder commences at the level of the testator's children.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

The testator was survived by three children: his daughter, Eugenia Healey, and his two sons, James B. Magnor, Jr., and Robert Magnor. At the time of the testator's death, Eugenia Healey had seven children and both sons were childless. Thereafter, James B. Magnor, Jr., adopted a daughter, the appellant Jamie E. Magnor.

The issue on appeal concerns the construction of the testator's will, which provides, in pertinent part, as follows: "All the rest, residue and remainder of my estate, both real and personal and wheresoever situate, including any property over which I may have the power of disposition by will or otherwise, I give, devise and bequeath to my Trustees, hereinafter named, IN TRUST, NEVERTHELESS, to invest and reinvest the same, collect the income therefrom, and to pay to or apply to the use of my daughter, EUGENIA M. HEALEY, and her issue or some or any of them, during the lifetime of my said daughter, so much of the income and/or principal, in such amount or amounts and at such time or times, as my Trustees in their absolute discretion shall see fit to pay or apply, and to accumulate and reinvest any income not so paid or applied, and

upon the death of my said daughter, I direct my Trustees to pay, transfer and set over the then trust fund, including any accumulated income, or upon my death if my said daughter shall predecease me, I direct the Executors to distribute my residuary estate, to the issue then living of my daughter, EUGENIA M. HEALEY, and of my sons, JAMES BRUCE MAGNOR, JR., and ROBERT MAGNOR, per stirpes, excluding, however, my grandson, JAMES HEALEY, not because of any lack of affection for my said grandson, but because he is well provided for."

The testator's sons, James B. Magnor, Jr., and Robert Magnor were named co-trustees of the trust. A dispute arose after the death of Eugenia Healey. Her six children who are eligible to take under the will argue that the residue of the funds in the trust after her death were to be divided into seven equal parts, one part to be distributed to each of the six eligible children, and one part to the appellant. The appellant, however, contends that the trust residue was to be divided into two equal parts, one of which would go to her, and the other to be divided equally amongst Healey's six eligible children.

We agree with the Surrogate that the use of the term "per stirpes" was intended by the testator to refer to the issue of his children, and not, as the appellant asserts, to the testator's children. "It is a primary rule of construction that the courts must find and follow the intent of the testator as disclosed by the words of the will itself * * * if the wording thereof is unambiguous" (*Matter of Battell,* 286 NY 97, 102). In our view, the language "to the issue then living of my daughter, EUGENIA M. HEALEY, and of my sons, JAMES BRUCE MAGNOR, JR., and ROBERT MAGNOR, per stirpes," is only susceptible to one interpretation, that the per stirpes distribution begins with the issue of the testator's children. Since the issue of the testator's children are intended to take under the will directly, and not as representatives of the testator's children, the words per stirpes, as used here, require the residue of the trust to be distributed in seven equal parts, to Eugenia Healey's six eligible children, and the appellant. Goldstein, J. P., McGinity, Luciano and Crane, JJ., concur.